IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **PERDUE PREMIUM MEAT COMPANY, INC., d/b/a Niman Ranch,** ) ) ) Plaintiff, ) ) v. ) ) **MISSOURI PRIME BEEF PACKERS, LLC, et al.,** ) ) ) Defendants. ) ) | Case No. 6:22-cv-03009-MDH |

## ANSWER OF DEFENDANT NEXTGEN CATTLE, LLC

**COMES NOW** defendant Nextgen Cattle, LLC and for its answer to the plaintiff's petition denies and each and every allegation therein unless specifically admitted, and further states as follows:

1.-3. Defendant admits to the allegations in paragraphs 1 to 3 of the petition.

4. As to paragraph 4 of the petition, defendant admits that jurisdiction is proper in the United States District Court for the Western District of Missouri based on the allegations in the petition. Any other allegations in paragraph 4 are denied.

5. Defendant denies the allegations in paragraph 5 of the petition.

6.-7. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraphs 6 and 7 of the petition, and therefore, denies the same.

8. Defendant admits that Exhibit A is a copy of a processing agreement that was signed but denies that it is an enforceable contract.

1

9. Defendant admits that plaintiff delivered cattle to defendant Missouri Prime Beef Packers, LLC, for the cutting, trimming and packaging of cattle. Any other allegations in Paragraph 9 are denied.

10. Defendant denies the allegation in paragraph 10 of the petition.

11. Defendant admits the allegations in paragraph11 of the petition.

12. Defendant denies the allegations in paragraph 12 of the petition.

13. Defendant admits that plaintiff made the allegations stated in paragraph 13 of the petition under the "Upon information and belief" standard. Defendant admits that defendant Missouri Prime Beef Packers, LLC continues to process cattle for two customers after January 3, 2022. Any other allegations in paragraph 13 are denied.

14. Defendant admits that the email referenced in paragraph 14 of the petition was sent but denies that there was an enforceable contract.

15.-16. Defendant admits the allegations in paragraphs 15 to 16 of the petition.

17. Defendant denies the allegations in paragraph 17 of the petition.

18. Defendant admits that plaintiff made the allegations stated in paragraph 18 of the petition under the "Upon information and belief" standard. Any other allegations in paragraph 18 are denied.

19. Defendant admits the allegations in paragraph 19 of the petition.

**COUNT ONE**
**BREACH OF CONTRACT**
**(Defendant Missouri Prime)**

20.-30. Count One does not contain any type of claim against defendant, so no answer is necessary. To the extent an answer is required, the allegations under Count One are denied, and defendant denies any liability under Count One.

## COUNT TWO
## TORTIOUS INTERFERENCE WITH BUSINESS EXPANCY
### (Defendant Nextgen Cattle)

31. Defendant incorporates paragraphs 1 to 30 of its answer as though fully set forth herein.

32. Defendant admits that it is aware of the document referenced in paragraph 32 of the petition, but denies that it is an enforceable contract.

33. Defendant admits that plaintiff made the allegations stated in paragraph 33 of the petition under the "Upon information and belief" standard. Any other allegations in paragraph 33 are denied.

34. Defendant admits that it is aware of the document referenced in paragraph 34 of the petition, but denies that it is an enforceable contract. Any other allegations in paragraph 34 are denied.

35.-39. Defendant denies the allegations in paragraphs 35 to 39 of the petition.

40.-43. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraphs 40 to 43 of the petition, and therefore, denies the same.

44. Defendant denies the allegations in paragraph 44 of the petition.

45. Defendant is without knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the petition, and therefore, denies the same.

46. Defendant reserves the right to assert such defenses, affirmative defenses and/or counterclaims as may be established during discovery and by the evidence of the case.

Respectfully submitted,

**/s/Thomas G. Lemon**
Thomas G. Lemon , #KS -16120
James B. Bigss, #MO 0 46566
CAVANAUGH, BIGGS & LEMON, P.A.
3200 S.W. Huntoon
Topeka, Kansas 66604
TEL: 785/440-4000
FAX: 785/440-3900
E-MAIL:     tlemon@cavlem.com
            jbiggs@cavlem.com
Attorneys for defendant Nextgen Cattle, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2022, I electronically filed the above and foregoing using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

**/s/ Thomas G. Lemon**
Thomas G. Lemon, #KS16120