IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **PERDUE PREMIUM MEAT COMPANY, INC., d/b/a Niman Ranch,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 6:22-cv-03009-MDH |
| **MISSOURI PRIME BEEF PACKERS, LLC, et al.,** | )<br>)<br>) |
| Defendants. | )<br>) |

### DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COME NOW defendants Missouri Prime Beef Packers, LLC ("Missouri Prime") and Nextgen Cattle, LLC ("Nextgen Cattle"), and hereby submit their suggestions in opposition to the Application for Temporary Restraining Order and Preliminary Injunction filed by Perdue Premium Meat Company, Inc., d/b/a Niman Ranch ("Perdue").

### I.  SUMMARY OF POSITION.

Perdue's application should be denied for the following reasons:

A.  The purported contract at issue is unenforceable because the material term regarding future processing is incomplete, and therefore, Perdue is unlikely to succeed on its claims.

B.  Perdue's failure to identify the number of cattle that Perdue wishes to have processed means that Perdue's has failed to meet it burden to prove the additional factors for a temporary restraining order or a preliminary injunction.

### II.  LEGAL STANDARD.

Plaintiff correctly identifies the four factors for a temporary restraining order and a preliminary injunction.

1

### III.     LEGAL ARGUMENTS.

No single factor is determinative in deciding on whether to grant a temporary restraining order or a preliminary injunction. *Dataphase Sys., Inc. v C L Systems, Inc.*, 640 F.2d 109,113 (8th Cir. 1981).  However, while no single factor is determinative, the probability of success factor is the most significant.  *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013);  *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005) ("[A]n injunction cannot issue if there is no chance of success on the merits.").   Consequently, defendants will start with this factor.

### A.     The purported contract at issue is unenforceable because the material term regarding future processing is incomplete, and therefore, Perdue is unlikely to succeed on its claims.

Perdue's breach of contract claim is based on the document that Perdue identifies as Exhibit 1 in the declaration of Christopher Oliviero.   The defendants agree that Exhibit 1 to the declaration is a copy of the document at issue.  However, the document is unenforceable because the document is an incomplete document.

Specifically, Appendix A is incomplete.  Pursuant to Paragraph 2.a of the document, Missouri Prime was obligated to process the number of cattle stated in Appendix A of the document.  However, Appendix A is incomplete and does not contain a single number. Therefore, a material term of the document is missing, and the document is unenforceable. *Soybean Merchandising Council v. Agborn Genetics, LLC.*, 534 SW.3d 822 (Mo. App. W.D. 2017); *Fedynich v. Massod,* 342 SW3d 887 (Mo. App. W.D. 2011).

The incomplete nature of the document is highlighted by the fact that, in the course of all of its pleadings, Perdue never states or identifies the number of cattle that Perdue contends that Missouri Prime is obligated to process.  Instead, Perdue argues that Missouri Prime gave an

ineffective notice of termination in a December 14, 2021 email. This email is identified by Perdue as Exhibit 2 to the Oliviero declaration. Specifically, Perdue argues that the December 14, 2021 email did not comply with the 90 period stated in paragraph 1 of the document, and that it was not delivered in the manner required under paragraph 18 of the document. under the terms of the document. This argument is irrelevant if the document is unenforceable. Significantly, the December 14, 2021 email does not identify the document.

**B.     Perdue's failure to identify the number of cattle that Perdue wishes to have processed means that Perdue's has failed to meet it burden to prove the additional factors for a temporary restraining order or a preliminary injunction.**

A preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). The burden of establishing the necessity of a temporary restraining order is on the movant. *Watkins Inc., v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Perdue has failed to state the number of cattle that it believes is required to avoid the irreparable harm it alleges it will suffer. Without knowing this amount, Perdue has not met its burden on any of the other factors for a temporary restraining order or a preliminary injunction, much less allow the defendants to prepare a response on those factors. To the extent that Perdue is contending that the amount required is the same as that under the document, the problem arises that the document does not have any requirements.

**III.    CONCLUSION.**

For the above stated reasons, Perdue's application should be denied.

3

Case 6:22-cv-03009-MDH   Document 17   Filed 01/18/22   Page 3 of 4

Respectfully submitted,

**/s/ R. Patrick Riordan**
R. Patrick Riordan, #MO -44011
Lauren E. Bartee, #KS-001175
RIORDAN, FINCHER
& MAYO, P.A.
3735 SW Wanamaker Road, Suite A
Topeka, KS 66610
TEL: (785) 783-8323
FAX: (785) 783-8327 (fax)
EMAIL: riordan@rfm-law.com
bartee@rfm-law.com
Attorneys for defendant Missouri Prime Beef Packers, LLC

/**s/Thomas G. Lemon**
Thomas G. Lemon , #KS -16120
James B. Bigss, #MO 0 46566
CAVANAUGH, BIGGS & LEMON, P.A.
3200 S.W. Huntoon
Topeka, Kansas 66604
TEL: 785/440-4000
FAX: 785/440-3900
E-MAIL: tlemon@cavlem.com
jbiggs@cavlem.com
Attorneys for defendant Nextgen Cattle, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2022, I electronically filed the above and foregoing using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

**/s/ R. Patrick Riordan**
R. Patrick Riordan, #MO -44011